GREENWOOD (UNITED STATES v.). See Case No. 15,260.

GREENWOOD CEMETERY (BLAKE v.). See Case No. 1,497.

GREENWOOD, The GRACE. See Case No. 5,652.

---

## Case No. 5,793.

GREER v. NOURSE.

[4 Cranch, C. C. 527.] [1]

Circuit Court, District of Columbia. March Term, 1835.

PLEADING—NO RENT ARREAR.

The plea of no rent arrear admits the demise as laid in the avowry.

At law. Avowry for rent arrear [by William Greer against John R. Nourse]. Plea, no rent arrear, and issue.

R. S. Coxe, for plaintiff, contended at the trial, that the defendant must prove his title and the demise laid in the avowry.

Mr. Bradley, for defendant, cited 4 Starkie, Ev. 1297.

THE COURT (nem. con.) decided, that the plea of no rent arrear admits the demise as laid in the avowry.

---

GREER (UNITED STATES v.). See Case No. 15,261.

[1] [Reported by Hon. William Cranch, Chief Judge.]

---

## Case No. 5,794.

In re GREFE.

[2 N. B. R. 329 (Quarto, 106).] [1]

District Court, S. D. New York. Dec. 30, 1868.

BANKRUPTCY — FILING SPECIFICATIONS NUNC PRO TUNC.

In a proper case, where the omission to file specifications in opposition to the discharge, within ten days after the return day to show cause, was inadvertent, creditors may file same with permission, nunc pro tunc.

By the Register:

I, Isaiah T. Williams, one of the registers of said court in bankruptcy, do hereby certify that in the course of the proceedings in said cause before me, the following questions arose pertinent to the said proceedings, and were stated and agreed to by the counsel for the opposing parties, to wit: W. H. Neuschafer, who appeared for the bankrupt, and Messrs. Nelson Smith and John Sessions, who appeared for Briggs & Lawton, Miller & Williams, and Anderson & Staudinger, creditors of the said bankrupt. In this case the bankrupt filed his petition for discharge on the 26th day of September, 1868. The case was referred back to the register by the usual order. Upon the return of the order to show cause, there being no assets, Nelson Smith, Esq., solicitor for Briggs & Lawton and Miller & Williams, also John Sessions, solicitor for Anderson & Staudinger, filed, respectively, notices of opposition. Ten days elapsed, and both sets of creditors failed to file their specifications of objections to the discharge of the bankrupt. Thereupon, and on the 10th day of November, 1868, both of said attorneys applied to the register upon affidavits, excusing the default, for leave to file their objections nunc pro tunc. There being no appearance on the part of the bankrupt, the order was made accordingly. Subsequently the parties again came before the register, and it appeared by affidavits then read that no notice of the said application on the part of the creditors had reached the said bankrupt or his attorney. Whereupon the said order, as before granted, was vacated, and the attorneys for the said creditors moved upon notice for an order giving them leave to file their specifications as of a time within ten days after the return of said order to show cause. This motion being opposed by the attorney for the bankrupt, I do hereby certify, at the request of the parties, the case to the court for decision. The register has no suggestions to submit to the court save to say that he sees no good reason why the court should not grant the relief sought by the solicitors for the creditors, as the omission was mere inadvertence.

BLATCHFORD, District Judge. The creditors are allowed to file their specifications as of a time within ten days after the return day of the order to show cause.

[1] [Reprinted by permission.]